# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00353-JVS-KES                                      Date: March 3, 2021

Title: VALERIE LOPEZ, et al. v. DOANTRANG DANG, et al.

---

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

|  <u>Jazmin Dorado</u>   |   <u>Not Present</u>   |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE ("OSC") Why Complaint Should Not Be Dismissed for Lack of Federal Jurisdiction**

    Plaintiffs Valerie Lopez and David Wellington ("Plaintiffs") filed their <u>pro se</u> Complaint in this matter on February 22, 2021. (Dkt. 1.) Upon review, the Court has determined that the Complaint fails to state facts sufficient to show the existence of federal subject matter jurisdiction.

    The Court hereby orders Plaintiffs to show cause why this case should not be dismissed without prejudice for lack of federal subject matter jurisdiction. Plaintiffs may respond to this OSC by filing on or before **March 31, 2021**, either: (1) a notice of voluntary dismissal; or (2) a brief explaining (a) why they contend the allegations in the Complaint are sufficient as drafted to support federal question jurisdiction, or (b) describing additional facts Plaintiffs could allege that would show Defendants acted under color of law under 42 U.S.C. § 1983.

    **Any Defendants served with the Complaint need not answer or otherwise respond until further order of this Court.** Served Defendants may enter a notice of appearance without waiving any defenses, including any alleged jurisdictional defects. If Plaintiffs attempt to serve any Defendants before discharging this OSC, then the service packet must include a copy of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00353-JVS-KES                                          Date: March 3, 2021
                                                                                        Page 2

**I.     SUMMARY OF FACTUAL ALLEGATIONS.**

These facts are taken from the Complaint (Dkt. 1) and from documents subject to judicial notice.  See generally Fed. R. Evid. 201(b) (providing that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record … including documents on file in federal or state courts.").

As discussed further below, Plaintiff Lopez filed two earlier federal lawsuits attempting to remove an unlawful detainer action filed against her by Defendant Oaktree Investments, Inc. ("Oaktree").  See Oaktree Invs., Inc. v. Lopez, Case no. 30-2015-00806367 (O.C. Sup. Ct. Aug. 25, 2015) (the "unlawful detainer action"); Oaktree Invs., Inc v. Lopez, Case No. 8:15-cv-01887-JVS-KES (C.D. Cal. Nov. 11, 2015) ("Removal I"); Oaktree Invs., Inc v. Lopez, Case No. 8:15-cv-01986-AG-AFM (C.D. Cal. Nov. 25, 2015) ("Removal II").

In 2005, Plaintiff Lopez used a mortgage loan to purchase a home located at 158 N. Center St., Orange, California (the "Property").  (Compl. ¶¶ 3, 11.)  On November 8, 2005, a deed of trust securing the loan for $692,000 was recorded against the Property.  (Removal I, Dkt. 1-2 at 4-6.)  The deed lists the "lender" as a "corporation" called America's Wholesale Lender.  (Id. at 5 ¶ C.)  It also says, "After recording return to: Countrywide Home Loans, Inc."  (Id. at 1.)

Plaintiff Lopez contends that the deed never effectively created a security interest against the Property, because America's Wholesale Lender is not a corporation – it was a fictitious business name used by Countrywide.  (Compl. ¶ 11.)  When Plaintiff Lopez filed for bankruptcy in 2010, she listed the mortgage as an "unsecured" loan, and it was discharged in 2012.  (Id. ¶ 13); see also In re Valerie Lopez, 8:10-bk-22755-RK (C.D. Cal. May 14, 2012).

Nevertheless, in 2015 a company called Clear Recon Group purporting to be a successor in interest to Countrywide/America's Wholesale Lender initiated a non-judicial foreclosure after Plaintiff Lopez defaulted on loan payments.  (Id. ¶ 14; Removal I, Dkt. 1-2 at 23-25 [notice of default recorded April 2, 2015]; id. at 28-29 [notice of trustee's sale recorded July 22, 2015].)

The Property was sold at a public auction to Oaktree in August 2015.  (Compl. ¶¶ 15-16; Removal I, Dkt. 1-1 at 23 [deed upon sale recorded August 24, 2015].)  When Plaintiff Lopez refused to vacate the Property, Oaktree filed the unlawful detainer action in August 2015.[1]  The

---

[1] In August 2015, Plaintiff Lopez filed a separate civil action against Oaktree in the Superior Court, which she voluntarily dismissed in January 2016.  Lopez v. Oaktree Invs., Inc., Case No. 30-2015-00807167 (Cal. Sup. Ct. Aug. 28, 2015 and Jan. 28, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00353-JVS-KES                                                        Date: March 3, 2021
                                                                                                                                Page 3

Superior Court entered summary judgment in Oaktree's favor in October 2015 and issued a writ of possession on November 2, 2015. Oaktree Invs., Case No. 30-2015-00806367-CL-UD-CJC.

Later in November 2015, Plaintiff Lopez twice unsuccessfully attempted to remove the unlawful detainer action to federal court. This Court found the removals improper and remanded the action to state court. Removal I, Dkt. 1, 6, 7; Removal II, Dkt. 1, 7, 9. Plaintiff Lopez also appealed the summary judgment to the appellate division of the Superior Court. Oaktree Invs., Case No. 30-2015-00806367.

Plaintiff Lopez was forcibly evicted from the Property on December 30, 2015. (Compl. ¶ 19.) In December 2016, while her state court appeal was still pending, Oaktree sold the Property to John Leldon Gray as trustee of a family trust for $900,000. (Id. ¶¶ 21, 34.)

In December 2017, the appellate division reversed the summary judgment in Oaktree's favor, finding that Oaktree had not provided evidence showing that Clear Recon Corporation had been substituted as trustee and that Plaintiff Lopez had raised a triable issue of material fact regarding whether the trustee sale was properly conducted. (Compl. ¶ 22); Oaktree Invs., Inc. v. Lopez, Case No. 30-2015-00822162 (Cal. Sup. Ct. Dec. 14, 2017). On remand in May 2018, Oaktree voluntarily dismissed the unlawful detainer action. (Compl. ¶ 23); Oaktree Invs., Case No. 30-2015-00806367.

In August 2020, Plaintiff Lopez filed a writ action against Oaktree, which was denied the same month. Lopez v. Orange Cnty. Sup. Ct., Case No. 30-2020-01153648 (Cal. Sup. Ct. Aug. 7, 2020 and Aug. 12, 2020).

Plaintiff Lopez alleges that in November 2020, she conveyed a joint interest in the Property to Plaintiff David Wellington. (Compl. ¶¶ 4, 17.)

**II.    SUMMARY OF LEGAL CLAIMS.**

Plaintiffs sue five Defendants: (1) Oaktree; (2 & 3) Hao Pham and Doantrang Dang, Oaktree's principals; (4) John Leldon Gray, as an individual and a trustee, and (5) Mortgage Electronic Registration Systems, Inc. ("MERS") for acting as an agent to the lender during the sale to Gray.

Plaintiffs allege the following four legal claims:

The first cause of action alleges liability under 42 U.S.C. § 1983 for "deprivation of property without due process under color of state law." (Compl. ¶ 18.) Plaintiffs allege that Oaktree, Pham, and Dang took advantage of a wrongful foreclosure sale, facilitated by California law, to acquire the Property and then re-sell it to Gray. Plaintiffs allege that Defendants "used

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00353-JVS-KES            Date: March 3, 2021
           Page 4

color of state law to gratuitously deprive [P]laintiff [Lopez] of her right to possession of her property, and without any compensation whatsoever." (Id. ¶ 29.) Plaintiffs seek compensation for damages Lopez incurred as a result of the eviction (e.g., rent, storage expenses, loss of furniture and other personal property) or, alternatively, disgorgement of the profit Oaktree made selling the Property to Gray. (Id. ¶¶ 31-34.)

The second cause of action alleges "destruction of property under color of law by Defendants Dang and Pham" in violation of due process and 42 U.S.C. § 1983. (Id. ¶¶ 35, 37-38.) Plaintiffs allege that while Defendants Dang and Pham were in possession of the Property, they renovated it in a way that destroyed or damaged valuable, historic features such as original wood floors and antique doors. (Id. ¶ 36.) Plaintiffs allege that Defendants inflicted this damage acting under color of state law, because the damage would never have occurred if Defendants had not been able to acquire the Property through California's foreclosure laws. (Id. ¶ 37.)

The remaining two causes of action are state-law causes of action for quiet title and ejectment. (Id. ¶¶ 39, 43.)

### III. DEFECTS IN FEDERAL JURISDICTION.

Federal courts may consider sua sponte the issue of federal subject matter jurisdiction. Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: [1] cases that "aris[e] under" federal law, § 1331, and [2] cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." Home Depot U. S. A., Inc. v. Jackson, -- U.S. --, 139 S. Ct. 1743, 1746 (2019).

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (citation omitted). "[W]holly insubstantial and frivolous" claims may "fail[] to raise a substantial federal question for jurisdictional purposes." Shapiro v. McManus, 577 U.S. 39, 45 (2015).

#### A. **Plaintiffs Have Not Alleged Diversity Jurisdiction.**

Diversity jurisdiction under § 1332(a) requires "complete" diversity, which means "there is no plaintiff and no defendant who are citizens of the same state." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). Plaintiffs' allegations establish that complete diversity does not exist. (Compl. ¶¶ 3-8 [alleging that Plaintiffs, Dang, Pham, and Gray are all residents of California and that Oaktree is a California corporation].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00353-JVS-KES                                                                              Date: March 3, 2021
                                                                                                                                    Page 5

**B.    Plaintiffs' Federal Claims Are Insubstantial or Frivolous Because They Have Not Alleged Facts Showing that the Private Defendants Acted Under Color of Law.**

Plaintiffs allege that federal jurisdiction exists under 28 U.S.C. § 1331 (defining "federal question" jurisdiction) and 28 U.S.C. § 1343 (giving district courts original jurisdiction over certain civil rights claims). (Compl. ¶ 1.) The only federal questions presented by the Complaint are the claims under 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff "[1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Thus, a plaintiff generally cannot sue a private person under § 1983. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011) (noting that courts "start with the presumption that conduct by private actors is not state action").

A private lender who uses state foreclosure laws or unlawful detainer laws to take a plaintiff's property is not a state actor for purposes of § 1983 liability. See Harper v. Fed. Land Bank of Spokane, 878 F.2d 1172, 1178 (9th Cir. 1989) ("the fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action"); Vachon v. Reverse Mortg. Sols., Inc., No. 16-02419, 2017 WL 6628103 at *10, 2017 U.S. Dist. LEXIS 212818 at *21 (C.D. Cal. Aug. 11, 2017) ("Plaintiff cannot allege that Defendants are state actors merely because they utilized foreclosure and eviction procedures made available by the state."), R&R adopted, 2017 WL 6626649, 2017 U.S. Dist. LEXIS 212805 (C.D. Cal. Dec. 28, 2017). The same rationale would apply to a private buyer who purchases property during a foreclosure auction and subsequently sues for unlawful detainer, as the Oaktree Defendants did here. Thus, Plaintiffs have not alleged any facts demonstrating that they can pursue a 42 U.S.C. § 1983 claim against Defendants.

Federal jurisdiction also cannot be premised on any of the four subsections of 28 U.S.C. § 1343(a). Subsections (a)(1) and (2) concern conspiracies to prevent federal officers from doing their duties, intimidate a witness, or interfere with elections. Subsection (a)(3) does not apply, because it also requires a defendant acting under color of state law. Finally, Subsection (a)(4) does not apply, because the only "Act of Congress" cited in the Complaint as a basis for civil liability is 42 U.S.C. § 1983 which, again, requires defendants to be acting under color of state law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00353-JVS-KES										Date: March 3, 2021
																Page 6

| **Free Legal Help for People without an Attorney** | | |
|---|---|---|
| **Los Angeles** | **Santa Ana** | **Riverside** |
| *Location:*<br>Edward Roybal R. Federal Building and Courthouse<br>255 East Temple Street<br>Suite 170 (Terrace Level)<br>Los Angeles, CA 90012<br><br>*Hours by appointment only:*<br>Monday, Wednesday, and Friday<br>9:30 am - 12:00 pm and<br>2:00 pm - 4:00 pm<br><br>To make an appointment or for more information, contact Public Counsel at:<br>(213) 385-2977, Ext. 270 | *Location:*<br>Ronald Reagan Federal Building and Courthouse<br>411 W. 4th Street<br>Room 1055 (1st Floor)<br>Santa Ana, CA 92701<br><br>*Hours:*<br>Tuesday 1-4 p.m.<br>Thursday 10 a.m.-12 p.m. and<br>1:30 - 3:30 p.m.<br><br>For more information, contact Public Law Center at:<br>(714) 541-1010, Ext. 222 | *Location:*<br>George E. Brown Federal Building<br>3420 Twelfth Street<br>Room 125<br>Riverside, CA 92501<br><br>*Hours:*<br>Tuesday and Thursday<br>10 a.m. - 2 p.m.<br><br>For more information, contact Public Service Law Corporation at:<br>(951) 682-7968 |

**Due to the COVID-19 pandemic, the clinics' offices in the federal courthouses may be closed.  Any litigant seeking legal services should contact their local clinic to determine whether the clinic is open, or is offering legal advice via phone or email.**

**Visit the Court's website for further information:**
**http://prose.cacd.uscourts.gov/federal-pro-se-clinics**

MINUTES FORM 11																Initials of Deputy Clerk JD
CIVIL-GEN