O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE LOPEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DOANTRANG DANG, et al.,<br><br>　　　　Defendants. | Case No. 8:21-cv-00353-JVS-KES<br><br>ORDER DISMISSING ACTION FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION |

## I.

## INTRODUCTION

Valerie Lopez and David Wellington ("Plaintiffs") filed a pro se Complaint in this matter on February 22, 2021. (Dkt. 1.) The Magistrate Judge found that the Complaint failed to state facts sufficient to show the existence of federal subject matter jurisdiction and ordered Plaintiffs to show cause why this action should not be dismissed on this basis. (Dkt. 10.) Plaintiffs' response to the order was due by March 31, 2021, and no response has been filed.[1] Accordingly, the Complaint and

---

[1] The order to show cause was returned as undeliverable as to Plaintiff David Wellington, but no such notice was received as to Plaintiff Valerie Lopez.

1

this action are dismissed for lack of subject matter jurisdiction for the reasons discussed below.

## II.

## BACKGROUND

### A. Factual Allegations

These facts are taken from the Complaint (Dkt. 1) and from documents subject to judicial notice. See generally Fed. R. Evid. 201(b); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). The Court takes judicial notice of prior lawsuits filed by Plaintiff. See Oaktree Invs., Inc. v. Lopez, Case no. 30-2015-00806367 (O.C. Sup. Ct. Aug. 25, 2015); Oaktree Invs., Inc v. Lopez, Case No. 8:15-cv-01887-JVS-KES (C.D. Cal. Nov. 11, 2015) ("Removal I"); Oaktree Invs., Inc v. Lopez, Case No. 8:15-cv-01986-AG-AFM (C.D. Cal. Nov. 25, 2015) ("Removal II").

In 2005, Plaintiff Lopez used a mortgage loan to purchase a home located at 158 N. Center St., Orange, California (the "Property"). (Compl. ¶¶ 3, 11.) On November 8, 2005, a deed of trust securing the loan for $692,000 was recorded against the Property. (Removal I, Dkt. 1-2 at 4-6.) The deed lists the "lender" as a "corporation" called America's Wholesale Lender. (Id. at 5 ¶ C.) It also says, "After recording return to: Countrywide Home Loans, Inc." (Id. at 1.)

Plaintiff Lopez contends that the deed never effectively created a security interest against the Property, because America's Wholesale Lender is not a corporation – it was a fictitious business name used by Countrywide. (Compl. ¶ 11.) When Plaintiff Lopez filed for bankruptcy in 2010, she listed the mortgage as an "unsecured" loan, and it was discharged in 2012. (Id. ¶ 13); see also In re Valerie Lopez, 8:10-bk-22755-RK (C.D. Cal. May 14, 2012).

Nevertheless, in 2015 a company called Clear Recon Group purporting to be a successor in interest to Countrywide/America's Wholesale Lender initiated a non-judicial foreclosure after Plaintiff Lopez defaulted on loan payments. (Id. ¶ 14;


Removal I, Dkt. 1-2 at 23-25 [notice of default recorded April 2, 2015]; id. at 28-29 [notice of trustee's sale recorded July 22, 2015].)

In August 2015, the Property was sold at a public auction to Defendant Oaktree Investments, Inc. ("Oaktree").  (Compl. ¶¶ 15-16; Removal I, Dkt. 1-1 at 23 [deed upon sale recorded August 24, 2015].)  When Plaintiff Lopez refused to vacate the Property, Oaktree filed an unlawful detainer action against her in Orange County Superior Court.[2]  The Superior Court entered summary judgment in Oaktree's favor in October 2015 and issued a writ of possession on November 2, 2015.  Oaktree Invs., Case No. 30-2015-00806367-CL-UD-CJC.

Later in November 2015, Plaintiff Lopez twice unsuccessfully attempted to remove the unlawful detainer action to federal court.  This Court found the removals improper and remanded the action to state court.  Removal I, Dkt. 1, 6, 7; Removal II, Dkt. 1, 7, 9.  Plaintiff Lopez also appealed the summary judgment to the appellate division of the Superior Court.  Oaktree Invs., Case No. 30-2015-00806367.

On December 30, 2015, Plaintiff Lopez was forcibly evicted from the Property.  (Compl. ¶ 19.)  In December 2016, while her state court appeal was still pending, Oaktree sold the Property to John Leldon Gray as trustee of a family trust for $900,000.  (Id. ¶¶ 21, 34.)

In December 2017, the Superior Court appellate division reversed the summary judgment in Oaktree's favor, finding that Oaktree had not provided evidence showing that Clear Recon Corporation had been substituted as trustee and that Plaintiff Lopez had raised a triable issue of material fact regarding whether the trustee sale was properly conducted.  (Compl. ¶ 22); Oaktree Invs., Inc. v. Lopez,

---

[2] In August 2015, Plaintiff Lopez filed a separate civil action against Oaktree in the Superior Court, which she voluntarily dismissed in January 2016.  Lopez v. Oaktree Invs., Inc., Case No. 30-2015-00807167 (Cal. Sup. Ct. Aug. 28, 2015 and Jan. 28, 2016).

Case No. 30-2015-00822162 (Cal. Sup. Ct. Dec. 14, 2017).  On remand in May 2018, Oaktree voluntarily dismissed the unlawful detainer action.  (Compl. ¶ 23); Oaktree Invs., Case No. 30-2015-00806367.

In August 2020, Plaintiff Lopez filed a writ action against Oaktree, which was denied the same month.  Lopez v. Orange Cnty. Sup. Ct., Case No. 30-2020-01153648 (Cal. Sup. Ct. Aug. 7, 2020 and Aug. 12, 2020).

In November 2020, Plaintiff conveyed a joint interest in the Property to Plaintiff David Wellington.  (Compl. ¶¶ 4, 17.)

**B.     Defendants and Legal Claims**

The Complaint names five Defendants: (1) Oaktree; (2 & 3) Oaktree's principals Hao Pham and Doantrang Dang; (4) John Leldon Gray, as an individual and a trustee, and (5) Mortgage Electronic Registration Systems, Inc. ("MERS") for acting as an agent to the lender during the sale to Gray.

The Complaint brings the following legal claims:

The first cause of action alleges liability under 42 U.S.C. § 1983 for "deprivation of property without due process under color of state law."  (Compl. ¶ 18.)  Plaintiffs allege that Oaktree, Pham, and Dang took advantage of a wrongful foreclosure sale, facilitated by California law, to acquire the Property and then re-sell it to Gray.  Plaintiffs allege that  Defendants "used color of state law to gratuitously deprive [P]laintiff [Lopez] of her right to possession of her property, and without any compensation whatsoever."  (Id. ¶ 29.)  Plaintiffs seek compensation for damages Lopez incurred as a result of the eviction (e.g., rent, storage expenses, loss of furniture and other personal property) or, alternatively, disgorgement of the profit Oaktree made selling the Property to Gray.  (Id. ¶¶ 31-34.)

The second cause of action alleges "destruction of property under color of law by Defendants Dang and Pham" in violation of due process and 42 U.S.C. § 1983.  (Id. ¶¶ 35, 37-38.)  The Complaint alleges that while Defendants Dang and

Pham were in possession of the Property, they renovated it in a way that destroyed or damaged valuable, historic features such as original wood floors and antique doors. (Id. ¶ 36.) Plaintiffs allege that Defendants inflicted this damage acting under color of state law, because the damage would never have occurred if Defendants had not been able to acquire the Property through California's foreclosure laws. (Id. ¶ 37.)

The remaining two causes of action are state-law causes of action for quiet title and ejectment. (Id. ¶¶ 39, 43.)

### III.
### LEGAL STANDARD

Federal courts may consider sua sponte the issue of federal subject matter jurisdiction. Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: [1] cases that 'aris[e] under' federal law, § 1331, and [2] cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." Home Depot U. S. A., Inc. v. Jackson, -- U.S. --, 139 S. Ct. 1743, 1746 (2019).

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (citation omitted). "[W]holly insubstantial and frivolous" claims may "fail[] to raise a substantial federal question for jurisdictional purposes." Shapiro v. McManus, 577 U.S. 39, 45 (2015).

//
//
//

## IV.
## DISCUSSION

### A. Diversity Jurisdiction

Diversity jurisdiction under § 1332(a) requires "complete" diversity, which means "there is no plaintiff and no defendant who are citizens of the same state." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). Plaintiffs' allegations establish that complete diversity does not exist. (Compl. ¶¶ 3-8 [alleging that Plaintiffs, Dang, Pham, and Gray are all residents of California and that Oaktree is a California corporation].)

### B. Federal Question Jurisdiction

Plaintiffs allege that federal jurisdiction exists under 28 U.S.C. § 1331 (defining "federal question" jurisdiction) and 28 U.S.C. § 1343 (giving district courts original jurisdiction over certain civil rights claims). (Compl. ¶ 1.) The only federal questions presented by the Complaint are the claims under 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff "[1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Thus, a plaintiff generally cannot sue a private person under § 1983. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011) (noting that courts "start with the presumption that conduct by private actors is not state action").

A private lender who uses state foreclosure laws or unlawful detainer laws to take a plaintiff's property is not a state actor for purposes of § 1983 liability. See Harper v. Fed. Land Bank of Spokane, 878 F.2d 1172, 1178 (9th Cir. 1989) ("the

fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action"); Vachon v. Reverse Mortg. Sols., Inc., No. 16-02419, 2017 WL 6628103 at *10, 2017 U.S. Dist. LEXIS 212818 at *21 (C.D. Cal. Aug. 11, 2017) ("Plaintiff cannot allege that Defendants are state actors merely because they utilized foreclosure and eviction procedures made available by the state."), recommendation adopted, 2017 WL 6626649, 2017 U.S. Dist. LEXIS 212805 (C.D. Cal. Dec. 28, 2017). The same rationale would apply to a private buyer who purchases property during a foreclosure auction and subsequently sues for unlawful detainer, as the Oaktree Defendants did here. Thus, Plaintiffs have not alleged any facts demonstrating that they can pursue a 42 U.S.C. § 1983 claim against Defendants.

Federal jurisdiction also cannot be premised on any of the four subsections of 28 U.S.C. § 1343(a). Subsections (a)(1) and (2) concern conspiracies to prevent federal officers from doing their duties, intimidate a witness, or interfere with elections. Subsection (a)(3) does not apply, because it also requires a defendant acting under color of state law. Finally, Subsection (a)(4) does not apply, because the only "Act of Congress" cited in the Complaint as a basis for civil liability is 42 U.S.C. § 1983 which, again, requires defendants to be acting under color of state law.

In sum, Plaintiffs' federal claims are wholly insubstantial and frivolous and therefore do not demonstrate federal subject matter jurisdiction.

//
//
//
//
//
//
//

## V.
## CONCLUSION

IT IS HEREBY ORDERED that Judgment shall be entered dismissing the Complaint and this action for lack of federal subject matter jurisdiction.

DATED: April 08, 2021

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE